**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cr-60349-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN HENRY BRAGDTON,

    Defendant.
_____/

**ORDER ON EXPEDITED MOTION FOR COMPASSIONATE RELEASE
AND REDUCTION OF SENTENCE TO TIME-SERVED WITH HOME-
CONFINEMENT AND ELECTRONIC MONITORING IMPOSED AS SPECIAL
CONDITIONS OF RELEASE**

**THIS CAUSE** is before the Court upon John Henry Bragdton's Expedited Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Release, ECF No. [43] ("Motion"), filed on October 23, 2020. The Government filed its Response, ECF No. [45], to which Defendant has not filed a reply.[1] The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.    BACKGROUND**

On December 21, 2018, Defendant was charged by indictment with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2).

---

[1] On November 25, 2020, the Court entered a Paperless Order noting that Defendant had filed his medical records in support of his Motion but had not filed a reply to the Government's Response. ECF No. [49]. The Court thereafter gave Defendant an opportunity to file a reply by December 2, 2020, but he did not do so.

ECF No. [7] ("Indictment"). On March 14, 2019, Defendant pleaded guilty to Count 1 of the Indictment. *See* ECF No. [20]; Plea Agreement, ECF No. [23]. On May 30, 2019, Defendant was sentenced to a term of imprisonment of 46 months, followed by 3 years of supervised release. *See* ECF Nos. [32], [33]. Defendant is currently housed at FCI Coleman Low, in Sumterville, Florida.

In the Motion, Defendant requests a reduction in sentence to time-served with a period of home confinement and electronic monitoring imposed as a special conditions of supervised release home confinement, due to the ongoing COVID-19 health crisis, arguing that his underlying medical conditions put him at an increased risk of contracting the virus. *See* Mot. at 2-3.

The Government opposes Defendant's Motion, arguing that Defendant fails to meet his burden to establish that a sentence reduction is warranted because Defendant's medical conditions are well controlled and most are not recognized by the Centers for Disease Control ("CDC") as heightening COVID risk, the § 3553(a) factors do not support a sentence reduction in this case, and Defendant remains a danger to the community.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with 13,822,249 confirmed cases and 272,525 reported deaths as of December 3, 2020.[2] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the BOP to move vulnerable inmates out of penal institutions and into

---

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Dec. 3, 2020).

home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

II.   **DISCUSSION**

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.

3

>2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

>(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>(1) in any case—
>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>>(i) extraordinary and compelling reasons warrant such a reduction . . . .
>. . . .
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### i. Exhaustion of Administrative Remedies

On April 27, 2020, Defendant submitted a Reduction in Sentence Application, ECF No. [45-1], to the Warden at Coleman FCI (Low) based on his medical conditions. On June 5, 2020, his request for compassionate release/reduction in sentence was denied. *See* ECF Nos. [43] at 20, [45-2]. Defendant filed the instant Motion on October 23, 2020. He has exhausted his administrative remedies and,therefore, satisfies the first step of the § 3582 considerations.

### ii. Extraordinary and Compelling Circumstances

Defendant argues that extraordinary and compelling circumstances exist in his case because his health conditions coupled with the coronavirus pandemic increase the risk of death posed by COVID-19. In response, the Government concedes that type 2 diabetes constitutes a serious medical condition and heightened COVID risk factor, but argues that his ordinary high blood pressure does not constitute an extraordinary and compelling reason, and further, that high cholesterol and vision problems are not risk factors, and his BOP records do not indicate any current kidney problems. Finally, the Government contends that his medical conditions are well-controlled and do not present any impediment to his ability to provide self-care, and that the risk of COVID-19 alone is insufficient.

At the outset, the Court notes that the Government has previously conceded that type 2 diabetes "would qualify as an 'extraordinary and compelling reason.'" Brief of Gov't, ECF No. [47] at 16, *United States v. Rind*, No. 18-cr-603323 (S.D. Fla. filed Nov. 27, 2018). Indeed, the Government has acknowledged the same before other courts in this district, including this one. *See United States v. Feucht*, ---F. Supp. 3d ----, 2020 WL 2781600, at *3 (S.D. Fla. May 28, 2020) ("The Government agrees that the defendant's serious medical condition (diabetes) presents an extraordinary and compelling reason that would allow compassionate release under the statute and

guideline policy statement." (internal quotation marks and docket citation omitted); *United States v. Brown*, No. 14-cr-60161, 2020 WL 5116781, at *4 (S.D. Fla. Aug. 31, 2020) ("The Government also affirms that, pursuant to updated internal guidance from the DOJ, inmates such as Defendant who present certain CDC risk factors, including Type 2 diabetes and hypertension, automatically establish extraordinary and compelling circumstances." (citation and footnote call number omitted)). As such, the Government cannot credibly argue that Defendant's health conditions here fail to constitute extraordinary and compelling circumstances. The Court will therefore hold the Government to its concession.

Indeed, CDC guidance indicates that adults of any age with the following health conditions are at increased risk of severe illness due to COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, heart conditions, such as heart failure, coronary artery disease, and cardiomyopathies, immunocompromised from solid organ transplant, obesity, severe obesity, pregnancy, sickle cell disease, smoking, and type 2 diabetes.[3] Further, CDC guidance indicates that adults of any age with the following conditions might be at an increased risk for severe illness: asthma (moderate-to-severe), cerebrovascular disease, cystic fibrosis, hypertension or high blood pressure, immunocompromised state from blood or bone marrow transplant, immune deficiencies of HIV, use of corticosteroids, or used of other immune weakening medicines, neurologic conditions such as dementia, liver disease, overweight, pulmonary fibrosis, thalassemia, and type 1 diabetes.[4]

---

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[4] *Id*.

Defendant asserts that he has type 2 diabetes, hypertension, high cholesterol, kidney failure and vision problems, including diabetic retinopathy and diabetic macular edema. *See* Mot. at 3. Based upon the Court's review, Defendant's BOP records do not document any current complications or treatment for kidney failure, and his vision problems do not place him at higher risk due to COVID-19. Nevertheless, per CDC guidelines and the Government's concession, his type 2 diabetes place Defendant at an increased risk for severe illness from COVID-19, and substantially diminish his ability to provide self-care within the correctional facility environment. In addition, per CDC guidelines, based upon his hypertension, Defendant might be at an increased risk for severe illness should he contract COVID-19. Thus, Defendant has sufficiently established that extraordinary and compelling reasons exist here, based upon his medical conditions.

### iii. Section 3553(a) Factors

Nevertheless, the Court must consider the relevant § 3553(a) factors. The Government maintains that Defendant's request is further unwarranted because the relevant § 3553(a) factors weigh against his release, arguing that Defendant has served less than half of his sentence, and would pose a danger to public safety if released. Defendant disagrees, asserting that he was convicted of a non-violent offense, he acknowledges the seriousness of the offense, is extremely remorseful, and accepts full responsibility. In addition, Defendant asserts that it is unlikely that he would commit crimes in the future, and that he has no incident reports and has dutifully performed his work assignments while incarcerated.

The applicable sentencing factors under § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Nonetheless, this does not end the Court's inquiry.

> Because a defendant's sentence reflects the sentencing judge's view of the [section] 3553(a) factors at the time of sentencing, the time remaining in that sentence may — along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates — inform whether immediate release would be consistent with those factors.

*United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020). As to whether Defendant poses a danger to the safety of the community, section 3142(g) sets forth the relevant factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). "The factors listed in 3142(g) are largely duplicative of those in 3553(a)."

*United States v. Martin*, No. CR 98-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) (quoting

*United States v. Salvagno*, No. 02-51, 2020 WL 3410601, at *7 (N.D.N.Y. Apr. 23, 2020)).

9

At the time of sentencing, the Court concluded that a term of imprisonment of 46 months was appropriate in this case, in light of the § 3553(a) factors. In particular, this term of imprisonment was imposed due to the seriousness of the underlying offense and, in part, to Defendant's criminal history. At the time of sentencing, Defendant had a total of five criminal history points, and a criminal history category of III. Specifically, Defendant's criminal history as an adult includes multiple convictions for drug offenses, including marijuana and cocaine, dating back to 1985. *See* ECF No. [30] at 8-15. To date, Defendant has served about half of his sentence. Moreover, while Defendant asserts that he has had no disciplinary incidents while in custody and has dutifully performed his work assignments, he has presented no additional evidence or argument pertaining to the § 3553(a) factors that would affect the Court's evaluation since Defendant was sentenced. As a result, the Court on balance finds that the applicable § 3553(a) factors do not weigh in favor of granting Defendant's Motion. In addition, given Defendant's criminal history and numerous drug-related convictions, the Court is not persuaded that Defendant is unlikely to commit crimes in the future, or that he would not pose a danger to the community.[5]

### III.   CONCLUSION

Accordingly, the Court determines that Defendant has failed to demonstrate that a sentence reduction is warranted in this case. It is therefore **ORDERED AND ADJUDGED** that the Motion, **ECF No. [43]**, is **DENIED**.

---

[5] Because the Court finds that relief is not warranted pursuant to the § 3582 considerations, the Court does not consider the Government's argument that the Court does not have the authority to direct the BOP to place Defendant in home confinement.

Case No. 18-cr-60349-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record